UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ELERY, on behalf of
himself and those similarly situated,

CASE NO.:

    Plaintiff,
v.

ESTES HEATING & AIR CONDITIONING,
INC., a For-Profit Corporation, JOHN M.
WALDORF and JOEL HELLER, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL ELERY ("ELERY" or "Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, ESTES HEATING & AIR CONDITIONING, INC ("ESTES"), a Georgia Profit Corporation, JOHN M. WALDORF ("WALDORF"), and JOEL HELLER ("HELLER"), individually, (collectively "Defendants") and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.    This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.     At all times material hereto, Plaintiff was and continues to be a resident of DeKalb County, GA.

5.     At all times material hereto, ESTES was and continues to be a Georgia Profit Corporation.

6.     At all times material hereto, ESTES was and continues to be engaged in business in Georgia, with its principal place of business in Fulton County, Georgia

7.     At all times material hereto, ESTES operated and continues to operate a heating and air conditioning systems contractor and thus is an enterprise covered under the FLSA.  *See* 29 U.S.C. § 203(S)(1)(b).

8.     By virtue of the nature of its business as a heating and air conditioning systems contractor, ESTES was/is an establishment lacking a retail concept.  29 C.F.R. §779.317; *see also Russell v. Promove, LLC*, 2009 WL 1285885, at *5 (N.D. Ga. May 5, 2009).

9.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

10.    Specifically, Plaintiff regularly handled materials and tools, which had previously traveled in interstate commerce such as heating and air conditioning units with parts and components used throughout his employment with Defendants.

11.    At all times material hereto, WALDORF was and continues to be resident of Monroe County, GA.

12.    At all times material hereto, HELLER was and continues to be resident of Fulton County, GA.

13.    At all times material hereto, WALDORF operated ESTES.

14. At all times material hereto, HELLER operated ESTES.

15. At all times material hereto, WALDORF regularly held and/or exercised the authority to hire and fire employees of ESTES.

16. At all times material hereto, HELLER regularly held and/or exercised the authority to hire and fire employees of ESTES.

17. At all times material hereto, WALDORF regularly held and/or exercised the authority to determine the work schedules for the employees of ESTES.

18. At all times material hereto, HELLER regularly held and/or exercised the authority to determine the work schedules for the employees of ESTES.

19. At all times material hereto, WALDORF regularly held and/or exercised the authority control the finances and operations of ESTES.

20. At all times material hereto, HELLER regularly held and/or exercised the authority control the finances and operations of ESTES.

21. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of ESTES; (b) determine the work schedules for the employees of ESTES; and (c) control the finances and operations of ESTES, WALDORF is an employer as defined by 29 U.S.C. 201 *et. seq.*

22. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of ESTES; (b) determine the work schedules for the employees of ESTES; and (c) control the finances and operations of ESTES, HELLER is an employer as defined by 29 U.S.C. 201 *et. seq.*

23. Plaintiff was an "employee," of Defendants within the meaning of FLSA.

24. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

25. Defendants were and continue to be "employers" within the meaning of FLSA.

26. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

27. At all times relevant hereto, Defendants had more than two employees.

28. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as heating and air conditioning parts and other tools and materials necessary for the day-to-day operation of Defendants' business.

29. The additional persons who may become plaintiffs in this action are/were "non-exempt employees" for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

30. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

31. On or about 1995, Defendants hired Plaintiff to work as an Air Conditioning installer.

32. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

33. From at least 1995, and continuing through 2014, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

34. Plaintiff previously filed a consent to join in the case of *Lewis v. Estes Heating &*

4

*Air Conditioning, Inc., et al, case number: 1:14-cv-02733-TCB* on November 5, 2014. From November 5, 2014 to March 12, 2015, his consent was on file in that case.

35. Pursuant to 29 U.S.C §216(b), Plaintiff's statute of limitations thereunder was tolled during the aforementioned period, that his consent was on file in the case of *Lewis v. Estes Heating & Air Conditioning, Inc., et al.*

36. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

37. Defendants have violated Title 29 U.S.C. §207 from 1995, and continuing through 2014, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

38. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

39. Plaintiff re-alleges and reavers paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40. From 1995, and continuing through 2014, Plaintiff has worked in excess of the forty (40) hours per week for which Plaintiff was not fully compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

41. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

42. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

44. Moreover, when Plaintiff confronted Defendants regarding their flagrant FLSA violations they still failed to pay Plaintiff in accordance with the FLSA.

45. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

48. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half

for their overtime hours.

49. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff the declaratory relief sought herein;

    c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f. Awarding Plaintiff pre-judgment interest; and

    g. Ordering any other further relief the Court deems just and proper; and

    h. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 29 U.S.C. §216(b), to those similarly situated to Plaintiff.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 12, 2015.

Respectfully submitted,

_____
ANDREW FRISCH, Esq.
Georgia Bar No.: 366105
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-mail: AFrisch@forthepeople.com

C. RYAN MORGAN
Georgia Bar No.: 711884
MORGAN & MORGAN, P.A.
20 N. Orange Avenue
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407)
E-mail: RMorgan@forthepeople.com

*Trial Counsel for Plaintiff*