# EXHIBIT A

## COLLECTIVE ACTION SETTLEMENT AGREEMENT

### *Michael Elery, et al. v. Estes Heating and Air Conditioning, Inc., et al.,* Case No. 1:15-cv-738-TCB (N.D. Ga.)

1. This Collective Action Settlement Agreement ("Settlement Agreement") is made and entered into by and between Plaintiff, Michael Elery ("Named Plaintiff" or "Elery")), on behalf of himself, the current opt-ins who were employed as Installers within the applicable statute of limitations ("opt-in Plaintiffs"), and the potential members of the putative Fair Labor Standards Act ("FLSA") conditional collective class (collectively, "Putative FLSA Class Members"), and Opt-in Plaintiff Mark Sweat ("Sweat"), on the one hand, and Defendants, Estes Heating & Air Conditioning, Inc., John Waldorf and Joel Heller (collectively "Defendants"), on the other hand (collectively, "the Parties").

2. The term "Action" means the civil action styled *Michael Elery, et al., v. Estes Heating and Air Conditioning, Inc., et al.,* Case No. 1:15-cv-738-TCB, which is currently pending in the United States District Court for the Northern District of Georgia, pending before Hon. Timothy Batten. The Action alleges violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

3. The term "Class Counsel" means Andrew R. Frisch, C. Ryan Morgan and Morgan & Morgan, P.A.

4. This Settlement Agreement applies to all current and former Installers employed by Defendants from May 15, 2012 to May 14, 2015.

5. Defendants agree to pay up to and including Two Hundred Ten Thousand And 00/100 Dollars ($210,000.00) ("the Gross Common Fund") to resolve the Action, inclusive of Class Counsel's attorneys' fees and costs, including, without limitation, all costs associated with administering and obtaining approval of the Parties' settlement of the Action.

6. The Gross Common Fund shall be allocated as follows:

    a. One Hundred Forty-Seven Thousand Dollars ($147,000.00) of the Gross Common Fund shall be allocated to resolve the claims of Plaintiff, opt-in Plaintiffs, including , and the Putative FLSA Class Members ("the Net Common Fund"). In addition, the service payments to Elery and Sweat referred to in Paragraph 6.c (if approved by the Court) shall be paid from the Net Common Fund and the balance of the Net Common Fund shall be allocated amongst Plaintiff, opt-in Plaintiffs, including Sweat, and all Putative FLSA Class Members on a pro-rata basis in accordance with the formula set forth in paragraph 6.d below.

    b. Class Counsel shall receive 30% of the Gross Common Fund, or Sixty-Three Thousand Dollars ($63,000.00) as their reasonable attorneys' fees and costs in

the Action, including, without limitation, all costs associated with obtaining approval of the Parties' settlement and costs of claims administration. Should the Court not approve these fees and costs, any differential shall be reallocated to the Net Settlement Fund defined in paragraph 6(a).

    c. If approved by the Court, and in addition to any pro rata share of the Net Common Fund, Named Plaintiff Elery shall receive a service award from the Net Common Fund in the amount of Two Thousand And No/100 Dollars ($2,000.00) for his service as class representative in the Action. Additionally, Opt-in Plaintiff Sweat shall also receive a service award from the Net Common Fund in the amount of Two Thousand And No/100 Dollars ($2,000.00) for his service in prosecuting and pursuing this action for the class members' benefit. Should the Court not approve these service awards, any differential shall be reallocated to the Net Settlement Fund defined in paragraph 6(a).

    d. The amount each Qualified Claimant (see paragraph 13) will receive will be computed for each week the Qualified Claimant was employed during the class period using a formula that takes into account the following variables:

    Actual hours recorded;
    Gross Pay;
    Hours for attendance at required meetings;
    The Qualified Claimant's regular rate of pay;
    The appropriate overtime rate; and
    The number of overtime hours worked.

    The weekly amounts will be totaled to provide the amount the Qualified Claimant will receive.

    The formula must be agreed to by both Parties. In the event the parties are unable to agree, the parties will present their position to Hunter Hughes and agree to follow his direction.

7. Within fourteen (14) days after the Parties execute this Settlement Agreement, the Parties shall file a Joint Motion to Approve the Settlement Agreement consistent with the terms of this Settlement Agreement.

8. The Parties' settlement of the Action is contingent upon Court approval of this Settlement Agreement. In the event this Settlement Agreement is not approved by the Court for any reason in the form submitted by the Parties, the Parties will attempt to exert their best efforts to preserve the material terms of settlement, address any concerns raised by the Court, and resubmit revised pleadings as directed by the Court. If the Parties cannot agree on revised settlement terms or if the Court denies the approval of renegotiated settlement terms, this Settlement Agreement and any renegotiation hereof shall be terminated as of the date of entry of the Court's order

denying such approval. In such event, neither this Settlement Agreement nor any renegotiation hereof shall have any force or effect.

9. Elery and Sweat agree to, and shall, execute a long-form settlement agreement that includes a release of all claims against Defendants that have been or could have been asserted, both known and unknown, contingent and non-contingent, in progress or not in progress, including, without limitation, all claims under the FLSA and state wage payment laws, in exchange for the service awards described in Paragraphs 6(c). Said releases shall include a no admission of liability clause, a confidentiality clause, and a non-disparagement clause.

10. Neither Class Counsel nor any Named Plaintiff nor Sweat shall make any statement to the media relative to this settlement or place information relative to the settlement on their websites or publicize, write about, or otherwise comment upon the settlement on any social media sites (including Facebook, Twitter, and Linked In). The Named Plaintiff and Sweat shall keep all terms and conditions of the settlement, including the amount of the settlement, confidential.

11. Each Putative FLSA Class Member shall receive a Notice and Claims Administration Form (attached as Exhibits A and B to this Agreement and submitted to the Court with the Joint Motion to Approve for approval), which will include information regarding the settlement, the scope of the release, the right to participate or not participate in the settlement (and the legal ramifications of each option), the formula used to calculate his or her claims, and the timing of such payments. The Notice and Claims Administration Form will be mailed by Class Counsel within fourteen (14) days of the Order approving the Settlement Agreement is issued by the Court.

12. Putative FLSA Class Members shall have sixty (60) days after the date of initial mailing of the Notice and Claims Administration Form to complete, sign, and return a valid Claims Administration Form to Class Counsel ("the Claim Bar Date"). The claim date shall be determined by the date postmarked on Putative FLSA Class Members' return envelope.

13. Each Putative FLSA Class Member who returns a valid Claims Administration Form on or before the Claim Bar Date (hereinafter referred to as "Qualified Claimants") shall be entitled to receive their approved allocation of the Net Settlement Fund, and shall be deemed to have released and forever waived all wage and hour claims against Defendants, including, without limitation, all claims that have been or could have been asserted in the Action under the FLSA and state and local wage payment laws.

14. Within ten (10) days after the Claim Bar Date, Class Counsel shall provide to Defendants' counsel a list of Qualified Claimants who timely returned Claims Administration Forms, and electronic copies of all timely returned Claims Administration Forms. In addition, copies of the Claims Administration Form, entitled "Verification, Consent to Join, and Acknowledgment of Release of Claims" ("the Consents"), suitable for filing with the Court shall be provided to Defendants' counsel.

15. Within twenty-one (21) days after the Claim Bar Date, Class Counsel shall file the Consents with the Court.

16. Defendants will transmit payments (in separate checks for each line item) to Class Counsel within twenty-one (21) days of the Order approving this Agreement for the following items: (i) Class Counsel's attorney's fees and costs as described above in Paragraph 5(b); (ii) service awards as described above in Paragraphs 5(c); and (iii) the pro rata share of the Net Settlement Fund for Elery and Sweat (assuming each has completed the long-form settlement agreement and Claims Administration Form). Defendants will transmit payments (in separate checks for each line item) to Class Counsel within fourteen (14) days from the date Class Counsel filed the Consents with the Court (as outlined in Paragraph 15) for all amounts claimed by any other Qualified Claimants. Defendants shall not be obligated to transmit to Class Counsel any portion of the Net Settlement Fund not claimed by Putative FLSA Class Members. All portions of the Net Settlement Fund not claimed by Putative FLSA Class Members shall belong to Defendants free-and-clear.

17. Within seven (7) days of receiving settlement funds, Class Counsel will transmit all payments to the Qualified Claimants.

18. One-half of the Net Settlement Fund amount allocated to each Qualified Claimant shall constitute taxable wages, for which Defendants shall issue an IRS Form W-2. The other one-half shall constitute payment for liquidated damages, for which Defendants shall issue an IRS Form 1099.

19. Class Counsel will administer the settlement with assistance from Defendants as necessary. Defendants will generate settlement checks, handle all tax reporting, and issue appropriate tax forms to Plaintiffs, the Qualified Claimants, and Class Counsel. Class Counsel will mail the Notices, Claims Administration Forms, and settlement checks, and will field all inquiries relating to the settlement.

20. Class Counsel shall apply to the Court for an award not to exceed Sixty-Three Thousand Dollars ($63,000.00) as payment for their work in the Action and in obtaining this settlement for the benefit of Plaintiff and the Putative FLSA Class Members, inclusive of all costs and attorneys' fees associated with administering and obtaining approval of the Parties' settlement. Defendants agree to not oppose this application. Payment of such attorneys' fees, expenses, and costs shall be made in accordance with this Settlement Agreement and shall constitute full satisfaction of any and all obligations by Defendants to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of Plaintiff and the Putative FLSA Class Members. Defendants shall report the payment of these fees, expenses and costs to Class Counsel on an IRS Form 1099. Class Counsel will not seek additional costs or attorneys' fees from Defendants other than those expressly referenced in this Settlement Agreement, absent a breach of the provisions of this settlement agreement.

21. Within fourteen (14) days of the date on which the last check to a Qualified Claimant is disbursed, the Parties shall file Joint Notices of Dismissal With Prejudice of the Action.

22. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

23. This Settlement Agreement is entered into by Plaintiff and Defendants for settlement purposes only. Nothing in this Settlement Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; the Parties do not waive, but instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation. This Settlement Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Settlement Agreement. The Parties further acknowledge and agree that this Settlement Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity. Neither this Settlement Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute.

24. This Settlement Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate the Parties' settlement may be executed in one or more counterparts, each of which shall be deemed an original. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

**Agreed to by and between:**

_/s/ Michael Elery_  
MICHAEL ELERY, individually,  
and on behalf of the Putative FLSA Class Members

8-1-15  
Dated

_____  
**Mark Sweat**

_____  
Dated

-5-

21. Within fourteen (14) days of the date on which the last check to a Qualified Claimant is disbursed, the Parties shall file Joint Notices of Dismissal With Prejudice of the Action.

22. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

23. This Settlement Agreement is entered into by Plaintiff and Defendants for settlement purposes only. Nothing in this Settlement Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; the Parties do not waive, but instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation. This Settlement Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Settlement Agreement. The Parties further acknowledge and agree that this Settlement Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity. Neither this Settlement Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute.

24. This Settlement Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate the Parties' settlement may be executed in one or more counterparts, each of which shall be deemed an original. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

**Agreed to by and between:**

_____  
**MICHAEL ELERY, individually,**  
**and on behalf of the Putative FLSA Class Members**

_____  
**Dated**

*/s/ Mark C. Sweat*  
_____  
**Mark Sweat**

8-5-15  
_____  
**Dated**

- 5 -

*[signature]*

_____    _____8/10/15_____
ANDREW R. FRISCH, Attorney for Elery, Sweat    Dated
and Class Counsel for the Putative FLSA Class Members


_____    _____
C. RYAN MORGAN, Attorney for Elery, Sweat    Dated
and Class Counsel for the Putative FLSA Class Members


*[signature: Bn. T. ET]*

_____    _____7-23-15_____
ESTES HEATING & AIR CONDITIONING, INC.    Dated
By __Brian T. Estes__, its __Vice President__

*[signature]*

_____    _____7/23/15_____
JOHN WALDORF    Dated


*[signature]*

_____    _____7/23/15_____
JOEL HELLER    Dated


*[signature]*

_____    _____7/25/15_____
EVERETTE L. DOFFERMYRE    Dated
Counsel for Estes Defendants


*Lesley J. Bryan*

_____    _____7/25/2015_____
LESLIE J. BRYAN    Dated
Counsel for Estes Defendants

6

_____  
ANDREW R. FRISCH, Attorney for Elery, Sweat  
and Class Counsel for the Putative FLSA Class Members

_____  
Dated

*[signature]*

_____  
C. RYAN MORGAN, Attorney for Elery, Sweat  
and Class Counsel for the Putative FLSA Class Members

8/10/15  
Dated

*[signature: Brian T. Estes]*

_____  
ESTES HEATING & AIR CONDITIONING, INC.  
By  Brian T. Estes , its  Vice President

7-23-15  
Dated

*[signature]*

_____  
JOHN WALDORF

7/23/15  
Dated

*[signature]*

_____  
JOEL HELLER

7/23/15  
Dated

*[signature]*

_____  
EVERETTE L. DOFFERMYRE  
Counsel for Estes Defendants

7/24/15  
Dated

*[signature: Lesley J. Bryan]*

_____  
LESLIE J. BRYAN  
Counsel for Estes Defendants

7/25/2015  
Dated

6